■ In the Matter of County of Delaware, Respondent, v Howard A. Zucker, as Commissioner of Health, et al., Appellants. [44 NYS3d 920]—

Motion for reargument, renewal or permission to appeal to the Court of Appeals.

In the decision on the appeal in this matter, this Court modified Supreme Court's judgment, which, among other things, al-

---

lowed petitioner to claim reimbursement for pre-2006 Medicaid overburden expenditures pursuant to Social Services Law § 368-a (135 AD3d 1260, 1260-1261 [2016]). While we found that Supreme Court erred in holding that the 2012 amendment to the Medicaid Cap Statute, which barred counties from claiming reimbursement for pre-2006 overburden expenses (*see* L 2012, ch 56, § 1, part D, § 61), was unconstitutional, we determined that petitioner's reimbursement claim for pre-2006 overburden expenditures was properly filed in February 2014, within the six-month grace period established by this Court in *Matter of County of St. Lawrence v Shah* (124 AD3d 88, 93 [2014], *revd* 28 NY3d 244 [2016]; *see Matter of County of Chemung v Shah*, 124 AD3d 963, 964 [2015], *revd* 28 NY3d 244 [2016]). However, before service of this Court's order with notice of entry, the Court of Appeals determined that section 61 of the 2012 amendment to the Medicaid Cap Statute "is constitutional, and that the State is under no further obligation to address outstanding county reimbursement claims filed after April 1, 2012" (*Matter of County of Chemung v Shah*, 28 NY3d at 256). Respondents now move in this Court for reargument, renewal or permission to appeal to the Court of Appeals. In light of the guidance provided by the Court of Appeals (*id.*), it is evident that section 61 of the 2012 amendment barred petitioner's claim made in February 2014. Accordingly, the petition should be dismissed and a declaration should be made in favor of respondents that section 61 of the 2012 amendment to the Medicaid Cap Statute has not been shown to be unconstitutional (*see id.* at 270).

Ordered that the motion is granted, without costs, to the extent that reargument is granted, the memorandum and order decided and entered January 28, 2016 is vacated, the judgment of Supreme Court entered October 3, 2014 in Delaware County is reversed, on the law, without costs, the petition is dismissed and it is declared that the Laws of 2012, chapter 56, § 1, part D, § 61 has not been shown to be unconstitutional.

Peters, P.J., Garry, Rose and Clark, JJ., concur.